DILLON, Judge.
This case comes to us on remand from the Supreme Court of North Carolina, which reversed this Court's prior decision, for the purpose of considering the additional issues raised in Defendant's original appeal. On remand, after carefully reviewing the opinion from the Supreme Court and the arguments advanced by the parties, we find no error.
I. Procedure
Defendant argued before this Court that the trial court erred (1) in denying his motions to dismiss the charges of obtaining property by false pretenses and exploitation of an elder adult; (2) admitting testimony from the victim regarding an incident a week before trial; and (3) admitting opinion testimony from the victim's daughter. State v. Martin,2014 N.C.App. LEXIS 591 at *1. By a 3-0 vote, this Court found no error with respect to Defendant's conviction for obtaining property by false pretenses. By a 2-1 vote, this Court found that the trial court erred in denying Defendant's motion to dismiss the charge of exploitation of an elder adult. Id.at *915. This Court declined to address Defendant's last two arguments because they were related to the exploitation of an elder adult conviction. Id.at *16. The North Carolina Supreme Court reversed this Court's decision based on the dissenting opinion. State v. Martin,--- N.C. ----, 770 S.E.2d 70, 2015 N.C. LEXIS 257.
This case comes back before this Court on remand for the purpose of deciding Defendant's remaining two issues not addressed by our first opinion. A thorough summation of the facts and procedural history of this case was presented in the first appeal before this Court. See Id.at *2-7. Pertinent facts needed for context will be presented in the analysis of each section below.
II. Admission of the victim's testimony
Defendant argues that the trial court committed error, or in the alternative, plain error in admitting into evidence testimony from the victim regarding her meeting Defendant at the bank a few days before trial in violation of Rules of Evidence 404(b), 403, 402, and 401. Defendant argues he was prejudiced by this error, or without this error the verdict would have been different because "[w]ithout [this testimony] there was no evidence" of intimidation, an essential element of the crime of exploitation of an elder adult.
We first note that Defendant did object to the introduction of this evidence but only requested that the victim's testimony not include any reference to an arrest, charges, or bond-a request which was granted. However, even though Defendant here failed to properly preserve this issue for appellate review, in criminal appeals, N.C. R.App. P. 10(a)(4) permits us in criminal appeals to review alleged evidentiary admissibility errors for plain error. "In order to prevail under a plain error analysis, defendant must establish not only that the trial court committed error, but that absent the error, the jury probably would have reached a different result." State v. Steen,352 N.C. 227, 269, 536 S.E.2d 1, 25-26 (2000) (marks omitted).
At trial, the victim, Ms. Pierce, testified that during the week that the trial was held she went to the bank to make a deposit and she saw Defendant at the bank. He followed her out to her car, taking pictures of her with a camera, and continued taking pictures of her as she got in the car and she left the parking lot. Ms. Pierce stated that this incident made her feel "[i]ntimidated" and "a little bit frightened."
To commit the crime of exploitation of an elder adult, the statute provides that the exploitation can be by either "deception or intimidation." N.C. Gen.Stat. § 14112.2(b)(2011). Here, even assuming arguendothat the trial court erred in admitting this as evidence of "intimidation," as Defendant argues, we cannot say that without the inclusion of this evidence there would have been a different result to support reversal because the State submitted sufficient evidence that Defendant committed exploitation of the victim by "deception."[1] Specifically, the evidence tended to show the following: After Ms. Pierce had made a $40,000 loan to Defendant (which angered Ms. Pierce's daughter), Defendant convinced Ms. Pierce to loan him more money and to agree to keep it "secret" so that her daughter would not get mad. Defendant filled out checks from Ms. Pierce's account and had her sign checks without reviewing the amounts because she could not see that well in the total amount of $60,000 as "loans." To provide Ms. Pierce comfort in making the loans, Defendant gave her checks from his "Martin Interiors" account, telling her when to cash them as repayments for the loans. Ms. Pierce believed that she would be able to cash those checks at some point and felt comfortable continuing to loan Defendant money based on her possessing those checks. In fact, though, the "Martin Interiors" account had been closed; and Defendant never informed her of this fact. From this evidence, it can be inferred that Defendant knew that the account had been closed and had deceived Ms. Pierce into thinking that she could get her money back in the future by cashing those checks. Defendant's argument is overruled.
III. Admission of the victim's daughter's opinion testimony
To establish that the victim, Ms. Pierce, is an elder adult for purposes of N.C. Gen.Stat. § 14-112.2(b), the State had the burden to prove that Ms. Pierce was not able to provide for the financial services necessary to safeguard her rights and resources. N.C. Gen.Stat. § 14-112.2(a)(2). Defendant contends that the trial court committed error or, in the alternative, plain error in admitting the opinion testimony from Ms. Pierce's daughter, Ms. Cook, that her mother could not manage or safeguard her own finances as the State had not laid a proper foundation for the witness's testimony and this statement was made without any factual basis. Again, it appears that this issue was not properly preserved at trial. Defendant objected to this testimony initially but failed to object to its ultimate admission into evidence. We, therefore, review this issue for plain error. SeeN.C. R.App. P. 10(a)(4) ; Steen,352 N .C. at 269, 536 S.E.2d at 25-26.
Even assuming arguendothat the trial court erred in admitting this testimony from the victim's daughter, we cannot say that withoutthe inclusion of this evidence there would have been a different result to support reversal because the State presented other witness testimony, besides the testimony of Ms. Cook, that Ms. Pierce could not safeguard her own financial resources. Specifically, Ms. Pierce herself testified that she could not add with a calculator; she had never done any bookkeeping; she had never balanced a checkbook; her daughter did all of the company bookkeeping; her daughter's name was on her checking account "[b]ecause I don't feel comfortable [managing it] [;]" and while testifying she had confused $1,500 and $15,000 when a check was in front of her. Another witness familiar with Ms. Pierce testified that Ms. Pierce would miscount money; she did not know the difference between $100 and $1,000; and it was his opinion that she could not safeguard her financial resources because of her inability to count money. Ms. Pierce's son in law also stated that it was his opinion that Ms. Pierce "is not able to deal with the type of finances that she had to deal with on a weekly basis. My wife [ (Ms. Pierce's daughter) ] deals with all of it. I mean, she makes deposits and things of that nature, but my wife totals them up, and all she does is pretty much just take them to the bank and do what she is instructed." Also, Ms. Pierce's physician testified regarding her anxiety and depression, and explained that the money she inherited was a trigger for stress to Ms. Pierce. Accordingly, Defendant's argument is overruled.
NO ERROR.
Judges STROUD and HUNTER, JR. concur.
Report per Rule 30(e).
Opinion
Appeal by Defendant from judgment entered 22 March 2013 by Judge J. Carlton Cole in Halifax County Superior Court. Originally heard in the Court of Appeals 23 January 2014. By unpublished opinion entered 3 June 2014, a divided panel of this Court found no error in part and vacated and remanded in part the judgment entered 22 March 2013. State v. Martin, --- N.C.App. ----, 762 S.E.2d 1, 2014 N .C.App. LEXIS 591 (2014) (unpublished). By ordered entered 10 April 2015, the Supreme Court reversed the decision of this Court based on "the reasons stated in the dissenting opinion" and "remanded to the Court of Appeals for consideration of defendant's remaining issues on appeal." State v. Martin, --- N.C. ----, 770 S.E.2d 70, 2015 N.C. LEXIS 257 (N.C., April 10, 2015).

In the indictment, the State pursued this charge based on deception, not intimidation.